UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>        Plaintiff,<br><br>   v.<br><br>C. TILESTONE, et al.,<br><br>        Defendants. | No. 2:20-cv-1841 KJN P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff's second amended complaint is before the court.

By order filed September 22, 2020, plaintiff's motion to proceed in forma pauperis was deferred. (ECF No. 4.) Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court directs the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1

plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Second Amended Complaint

In his first claim, plaintiff alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment while housed at CSP-Solano. He alleges that defendant Spencer, under supervision of defendant Matteson, punished plaintiff on November 12, 2020, for plaintiff's refusal to sign the mandatory papers required to work in PIA Opticals, which plaintiff alleges was high risk for COVID-19 exposure, and plaintiff was still not cleared to work after radiation for prostate cancer.[1] As a life prisoner, plaintiff received a serious write-up for his refusal to work.

In his second claim, plaintiff alleges he was diagnosed with prostate cancer in 2019, when plaintiff complained about the smells coming from the prison's ventilation system, which plaintiff claims was infected with asbestos and mold, and claims defendant Tileston requires all employees to sign waivers to work at CMF. Plaintiff claims defendant Tileston violated plaintiff's First Amendment rights by segregating plaintiff under false charges, then continuously transferring plaintiff from prison to prison in retaliation for plaintiff filing a lawsuit. But plaintiff also claims that Tileston placed plaintiff in ad seg for staff separation after plaintiff's relationship with defendant Nunez became public.

In his third claim, plaintiff alleges his First Amendment and due process rights were violated in May of 2020, when defendant Santos at CMF wrote a false write-up in defendant Nunez' name, claiming plaintiff had stalked Nunez. Plaintiff also alleges that at CSP-Solano defendant Espinoza used unsigned statements and altered a 115 notice under the names of Nunez and Santos. However, at the January 27, 2021 hearing, the charges were reduced to over-familiarity and dropped because overfamiliarity is not a crime.

---

[1] Plaintiff later states "when knowledge by Matteson," but it is unclear to what plaintiff refers. (ECF No. 10 at 7.) It appears plaintiff refers to Matteson's knowledge of the over 38 staff members who tested positive for COVID-19, rather than Matteson's knowledge concerning plaintiff's refusal to work at CSP-Solano.

Plaintiff names as defendants: Associate Warden C. Tileston, CMF; Warden C. Matteson, CSP-Solano; Lt. C. Santos, CMF; L. Spencer, PIA, CSP-Solano; Correctional Officer A. Espinoza, CSP-Solano; and Correctional Officer M. Nunez, CMF.[2] Plaintiff seeks money damages and unspecified injunctive relief.

Discussion

Plaintiff's second amended complaint does not satisfy the pleading requirements set forth by the Federal Rules of Civil Procedure or comply with this court's prior orders. While the pleading is not lengthy, his allegations are vague and conclusory. Plaintiff jumps from at least three separate incidents involving multiple defendants at two different prisons. Despite two separate warnings in prior screening orders, plaintiff has again named a defendant solely in his supervisorial capacity, and again joined unrelated claims against several defendants in a single action.

It appears that plaintiff is either unwilling or unable to comply with the court's orders. Because plaintiff has consistently failed to follow the court's orders with regard to amending the complaint, the undersigned recommends that plaintiff's second amended complaint be dismissed without leave to amend. "District courts have inherent power to control their dockets," Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)).[3]

Sua Sponte Dismissal

    A. Governing Standards

Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions *sua sponte* for failure to prosecute or failure to comply with court orders. See Link v. Wabash

---

[2] Plaintiff included no charging allegations against defendant Nunez.

[3] "**Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

R.R., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In considering whether to dismiss an action for failure to prosecute, the Court must weigh five factors:

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Ferdik, 963 F.2d at 1260-61. The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).

B. The Five Factors

1. Expeditious Resolution and The Court's Need to Manage Its Docket

The first two factors strongly favor dismissal. The public's interest in expeditious resolution of litigation always weighs towards dismissal. Yourish, 191 F.3d at 990. It is important that the court manage its docket without being subject to the routine noncompliance of litigants. Ferdik, 963 F.2d at 1261. Here, despite multiple admonishments that supervisory officials are generally not liable under § 1983, and that plaintiff may not pursue unrelated claims against unrelated defendants, plaintiff persists in doing so. His continued refusal to follow the court's orders impedes the court's ability to move this case forward. This action was filed on September 12, 2020; five months later, plaintiff's proposed pleading still suffers from the same defects. Plaintiff's continued failure to comply with the court's instructions has led to this case consuming "large amounts of the court's valuable time that it could have devoted to other major and serious . . . cases on its docket." Ferdik, 963 F.2d at 1261. Therefore, the first two factors favor dismissal.

### 2. The Risk of Prejudice to Defendants

The risk of prejudice to defendants also weighs more heavily toward dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000); see also Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (unnecessary delay caused by petitioner's inaction "inherently increases the risk that witnesses' memories will fade and evidence will become stale"). Here, plaintiff's continued failure to follow the court's orders further delays the case and prejudices each defendant because the complaint remains unserved. Moreover, as time passes, the risk of loss of evidence and faded memories increase. Plaintiff's repeated failure to comply with the court's instructions, as well as the Federal Rules of Civil Procedure, creates unwarranted delay, which prejudices defendants.

### 3. Less Drastic Alternatives

The undersigned has explored the availability of less drastic alternatives, which also supports dismissal. This court told plaintiff what was wrong with each pleading, and gave him specific instructions on how to remedy the pleading deficiencies. The court has twice provided detailed standards governing his putative claims and informed plaintiff of the rules governing related claims. (ECF Nos. 4, 9.) Despite such efforts, plaintiff continued to improperly name defendants solely in their supervisory role, and plead unrelated claims against several defendants, as well as failed to set forth facts supporting each element of the proposed claims included in his second amended complaint. Plaintiff was twice cautioned that his failure to comply with the court's orders may result in a recommendation that the action be dismissed. (ECF Nos. 4, 9.) Plaintiff has demonstrated that he is unable or unwilling to cure deficiencies identified by the court. Thus, providing him further opportunities to comply appears to be futile. As a result, the court is justified in concluding that there are no less drastic alternatives. See also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

////

////

4. Public Policy

The fifth and final factor, public policy favoring the disposition of the cases on their merits, generally weighs against dismissal. See Dreith, 648 F.3d at 788. Here, plaintiff has repeatedly failed to follow the court's orders. Under such circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh plaintiff's responsibility to comply with court orders.

C. Dismissal Is Appropriate

For all of the above reasons, the undersigned concludes that dismissal of this action is warranted under Rule 41(b), and recommends dismissal due to plaintiff's failure to follow court orders. As set forth above, plaintiff was twice warned about the possibility of dismissal if he failed to comply with the court's orders. (ECF Nos. 4, 9.)

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

////

7

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 5, 2021

/step1841.56

*signature*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE